### VIRCHER v. STATE.   (No. 7201.)

(Court of Criminal Appeals of Texas.   May 23, 1923.)

1. Criminal law ⬤═⊃392, 1169(1)—Proof that prosecuting witness' mother was a widow unable to pay expense of his attendance held improperly admitted.

In a prosecution for selling intoxicating liquor, the admission of proof that the prosecuting witness, a boy 15 or 16 years old, had failed to attend on a previous day because he had no money to pay expenses and that his mother was a widow and unwilling to furnish such money, held error, though not alone grounds for reversal.

2. Criminal law ⬤═⊃719(1)—Argument of counsel held erroneous as embracing unproven fact.

Argument of counsel relating to the payment of expenses of the prosecuting witness, a boy 15 or 16 years old, held erroneous as improperly embracing unproven facts.

3. Criminal law ⬤═⊃719(1)—Argument of counsel including inadmissible matter not in record held reversible error.

In a prosecution for selling intoxicating liquor, argument of counsel: "Listen, gentle-

men, he (referring to defendant's counsel) is going to holler; listen, he. is going to holler. If witness after witness had been brought before you, who testified that a man had been selling liquor to the boys of the community,. wouldn't you get out a search warrant , and sign an affidavit to get out one?" *held* reversible error as embracing inadmissible matter not in the record, to the effect that people in the community had been complaining of accused's alleged violations.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

A. P. Vircher was convicted of unlawfully selling intoxicating liquor, and he appeals. Reversed and remanded.

V. E. Middlebrook, of Nacogdoches, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The state relied upon the testimony of Virgil Martin, a youth about 15 or 16 years of age, who gave specific testimony to the fact that he had purchased whisky from the appellant. The appellant testified and denied the transaction; and by his own testimony, and by that of witnesses introduced in his behalf, he presented .the theory of alibi. In the cross-examination of the witness Martin, appellant elicited from him the fact that part of his expenses were paid by the state witness Buckner. On redirect examination the state witness Martin was permitted to testify, over appellant's objection, that his mother was a widow and that he was not present on the previous day and that the reason for his absence was that he had no money with which to pay his expenses, and that his mother was unwilling to furnish it.

Buckner testified on behalf of the state that he had made affidavit for a search warrant against the appellant; that he was a member of the grand jury that found the indictment; that the prosecuting witness was only about 14 years of age. It appeared that before the affidavit for the search warrant was made out, Martin had testified before the grand jury. The search of appellant's premises did not result in the discovery of any intoxicating liquor in his possession.

In discussing the case, the prosecuting attorney said:

" * * * That he wanted to state to the jury who was responsible for Mr. Buckner paying the young man's expenses last night; that the young man came to him, not only him, but Luther Hardy, and said that they did not have the means to stay all night, and Mr. Buckner being a member of the grand jury from that portion of the country, I went to him about it, and I want this jury to know that he did not

251 S.W.—69

pay all of the expenses.. The boys did not draw anything for this kind of attendance and this boy's mother is a widow woman."

[1, 2] If the proof that Martin was a widow's son was the only error in the record, it would not be regarded of sufficient importance to reverse the case, and, standing alone, the argument quoted above might not justify a reversal. It was improper in that it embraced unproven statements.

[3] In his argument, the county attorney made this additional argument:

"Listen, gentlemen, he (referring to defendant's counsel) is going to holler; listen, he is going to holler. If witness after witness had been brought before you, who testified that a man had been selling liquor to the boys of the community, wouldn't you get out a search warrant and sign an affidavit to get out one?"

The effect of this statement was to tell the jury that witnesses had been brought before the county attorney and testified that appellant had been selling liquor to the boys of the community and that upon such testimony he caused a search of appellant's premises. Embraced in this statement were new facts not coming from witnesses on the trial, nor from any sworn testimony, and not admissible in evidence. The information thus brought to the jury that people in the community were complaining to the county attorney about the appellant's violations of the law in particulars coinciding with the theory of the state in the case on trial could not have been otherwise than prejudicial.

These remarks were against the rule which confines the argument to the facts adduced on the trial, and forbids the use against the accused of any inadmissible matter which is harmful, or material facts unproven and resting alone upon the unsworn statement of the prosecuting officer. See Stephens v. State, 20 Tex. App. 255; Hunnicutt v. State, 18 Tex. App. 524, 51 Am. Rep. 330; Branch's Ann. Tex. P. C., § 364; Vermon's Tex. Crim. Stat., vol. 2, art. 724; page 404, note 11.

The appellant is a farmer, 51 years of age. He had resided in the community for 11 years. His family consisted of a wife and four children. The eldest was 13 years of age and the youngest about 15 months' old. He was on trial for his liberty The state relied upon the testimony of the boy Virgil Martin. His testimony was in conflict with that of the appellant. It was within the province of the jury, within the limits fixed by statute, to assess the penalty. In so doing, they should have been guided not only by relevant facts but by testimony that came from witnesses who were under oath and subject to cross-examination. The penalty given was double the minimum. The effect of the improper remarks cannot be determined. The trial judge endeavored, by instructing the jury to disregard the remarks, to avoid the consequence of their deliverance. We

believe that because of them, he should have set aside the verdict.

The judgment is reversed, and the cause remanded.